IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Brian Kieth Boulb, | ) | Case No. 0:19-cv-3041-RMG |
| | ) | |
| Plaintiff, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| State of Illinois, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("R. & R.") of the Magistrate Judge (Dkt. No. 13) recommending that this Court dismiss Plaintiff Brian Kieth Boulb's Complaint with prejudice and without issuance and service of process. For the reasons set forth below, the Court issues the following Order and dismisses Plaintiff's Complaint *without prejudice*.

**I.   Background and Relevant Facts**

Plaintiff, an inmate at Federal Correctional Institution in Edgefield, South Carolina, is proceeding *pro se*. Plaintiff brings his case against the State of Illinois pursuant to 42 U.S.C. § 1983 for a violation of his right to due process. (Dkt. No. 1). Plaintiff proceeds *in forma pauperis*. 28 U.S.C. § 1915 and § 1915A. Plaintiff claims he was wrongfully convicted in an Illinois state court and that the conviction was vacated July 2016. (*Id.* at 4-5). Plaintiff claims the wrongful state conviction caused his federal sentence to be enhanced under the career offender provision. (*Id.* at 5). Plaintiff seeks monetary damages for the wrongful sentence and to be released from confinement, though he does not indicate if he seeks damages for his state or federal sentence. The Magistrate Judge issued an R. & R. recommending dismissal with prejudice on January 16, 2020.

(Dkt. No. 13). Plaintiff's objections were due January 30, 2020. (*Id.*) To date, Plaintiff has not submitted any.

## II. Legal Standards

### a. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### b. Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

## III. Discussion

The Magistrate Judge explained in the R. & R. that Plaintiff's Complaint is subject to dismissal because the Eleventh Amendment bars suits by citizens against the States in both state and federal court, and no applicable exception applied. The Magistrate Judge recommended that the complaint be summarily dismissed because the State of Illinois is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) ("[T]he court shall dismiss the case at any time if the court determines that — the action . . . seeks monetary relief against a defendant who is immune from such relief.").

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person" acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Eleventh Amendment, however, bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996).

Plaintiff's suit must be dismissed because Congress has not abrogated the States' sovereign immunity under § 1983 nor has the State of Illinois consented to suit. The Supreme Court has explicitly held that States are not persons susceptible to suit under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983."). And Illinois has not consented to suit in federal district court. *Harvis v. Board of Trs. Of Univ. of Ill.*, 744 F. Supp. 825, 828 (N.D. Ill. 1990) ("Under the doctrine of sovereign immunity, Illinois is immune from suits for damages, except if it has consented to such suits, and if it has so consented,

only to the extent it has consented."); *Galowski v. Illinois*, No. 97-C-3811, 1997 WL 323790 (N.D. Ill. June 4, 1997) ("Illinois is not a 'person' that is suitable under" 42 U.S.C. 1983).[1]

## IV. Conclusion

For the reasons set forth above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's complaint (Dkt. No. 1).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 5, 2020
Charleston, South Carolina

---

[1] To the extent Plaintiff asks the Court to release him from confinement, such issues are not properly before the Court in an action brought pursuant to 42 U.S.C. § 1983. Such an action must be brought in a federal habeas corpus petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 79-80 (2005). In fact, Plaintiff recently filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2441 which this Court summarily dismissed for lack of jurisdiction, explaining that Plaintiff's only remedy, if any, was to seek leave to file a successive motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 in the United States Court of Appeals for the Seventh Circuit. *Boulb v. Vareen*, C/A No. 0:19-2177-RMG.

-4-